IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

ASHER BRONSTIN, *individually and on* )
*behalf of all others similarly situated*, )
                                      )
    Plaintiff, )
                                        )
v. )  Case No. 2:26-mc-04052-BL-JTA
                                        )
UPSTART NETWORK, INC., )
                                        )
    Defendant. )

**NOTICE TO COURT**

Pursuant to this Court's Order dated June 10, 2026 (Doc. 7), Defendant Upstart Network, Inc. ("Upstart") states as follows:

1.    On March 12, 2026, Upstart issued a subpoena to Cellco Partnership, doing business a Verizon ("Verizon"). (Doc. 1, ¶ 1.)

2.    On April 7, 2026, Upstart received a letter objecting to producing requested information on the grounds that the account subscriber is located in California and Cal. Pub. Util. Code § 2891 prohibited production absent consent or a court order. (Doc. 1-3.)

3.    On May 6, 2026, undersigned counsel contacted Verizon's subpoena compliance team regarding the subpoena objection, during which time Verizon indicated that it could not produce documents absent a court order under Cal. Pub. Util. Code § 2891, and that it would not object to responding to the Subpoena and it

68732587 v1

would produce documents responsive to the Subpoena as long as it has a Court order. Undersigned counsel did not write down the name of the representative with whom she spoke.

4.      On May 28, 2026, Upstart filed a Motion to Compel Compliance with Third Party Subpoena, stating in part, that it had conferred with Verizon in good faith regarding the Subpoena and Verizon indicated that it would not object to responding to the Subpoena and it would produce documents responsive to the Subpoena as long as it has a Court order. (Doc. 1.)

5.      On June 10, 2026, this Court entered an order instructing Upstart to identify the Verizon representative who indicated that it would not object to responding to the Subpoena. (Doc. 7.)

6.      That same day, undersigned counsel again spoke with a Verizon representative to obtain the name of the individual with whom she spoke on May 6.

7.      Verizon advised undersigned counsel that her May 6 communication was with an individual named "Alex." Verizon further advised that it does not disclose employee last names.

Respectfully submitted this 12th day of June, 2026.

/s/ Callie L. Barrow
Joshua H. Threadcraft
Rachel B. Cash
Callie L. Barrow
Burr & Forman LLP

68732587 v1

2

420 North 20th Street, Suite 3400
Birmingham, AL  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
jthreadcraft@burr.com
rcash@burr.com
cbarrow@burr.com

*Attorneys for Defendant*
UPSTART NETWORK, INC.

68732587 v1

3

**<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that on this the 12th day of June, 2026, I caused a copy of

the foregoing be electronically filed with the Clerk of Court using the cm/ecf system,

which will provide electronic notice of all counsel of records and that I also caused

a copy of the foregoing to be served on the following via U.S. First Class Mail to:

Cellco Partnership
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

*/s/ Callie L. Barrow*
OF COUNSEL

68732587 v1                                                    4